Filed 7/10/23  In re M.T. CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION FIVE

| | |
|---|---|
| In re M.T. et al., Persons Coming Under Juvenile Court Law. | B325401 |
| _____ LOS ANGELES COUNTY DEPARTMENT OF CHILDREN AND FAMILY SERVICES,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>N.B.,<br><br>Defendant and Appellant. | (Los Angeles County Super. Ct. No. 20LJJP00779A-B) |

APPEAL from orders of the Superior Court of Los Angeles County, Stephanie Davis, Juvenile Court Referee. Conditionally reversed and remanded with directions.

John L. Dodd, under appointment by the Court of Appeal, for Defendant and Appellant.

Dawyn Harrison, County Counsel, Kim Nemoy, Assistant County Counsel, and Aileen Wong, Senior Deputy County Counsel, for Plaintiff and Respondent.

Sarah Liebowitz, Children's Law Center 3, for Minors.

_____

Mother appeals from an order terminating her parental rights to her two children under Welfare and Institutions Code section 366.26. Mother contends the juvenile court failed to satisfy its inquiry obligations and erred when it determined the Los Angeles County Department of Children and Family Services (DCFS) satisfied its inquiry obligations under the Indian Child Welfare Act (ICWA; 25 U.S.C. § 1901 et seq.) and related California law as to the children's possible Indian heritage. No interested party filed a respondent's brief; instead, mother, DCFS, and the children filed a joint application and stipulation for conditional reversal and remand to the juvenile court to order DCFS to inquire of available maternal extended family members in compliance with ICWA and related California law. We accept the parties' stipulation.

This case involves reversible error because the parties agree, and we concur, there was noncompliance with the inquiry requirements of ICWA and related California provisions. (*In re H.V.* (2022) 75 Cal.App.5th 433, 438; *In re Benjamin M.* (2021) 70 Cal.App.5th 735, 744.) Here, DCFS only inquired with the parents and the paternal grandmother regarding Native American ancestry. DCFS did not ask the extended family members about heritage. After reviewing the entire record, we find that the statutory requirements set forth at Code of Civil Procedure section 128, subdivision (a)(8) for a stipulated reversal have been satisfied here. (*In re Rashad H.* (2000) 78 Cal.App.4th 376, 379–382.)

### *DISPOSITION*

The juvenile court's November 10, 2022 orders terminating parental rights to the children are conditionally reversed, and the matter is remanded to the juvenile court for proceedings required

by this opinion. The juvenile court shall reappoint counsel for the parents. The juvenile court shall order DCFS to make reasonable efforts to interview available extended family members about the possibility of the children's Indian ancestry and to report to the court the results of DCFS's investigation. Based on the information reported, if the court determines that no additional inquiry or notice to tribes is necessary, the orders terminating parental rights shall be reinstated. If additional inquiry or notice is warranted, the juvenile court will make all necessary orders to ensure compliance with ICWA and related California law. The remittitur shall issue forthwith.[1]

RUBIN, P. J.

WE CONCUR:

MOOR, J.

KIM, J.

---

[1] The parties, in the documents filed in this appeal, inconsistently asked this court to issue the remittitur forthwith and in 20 days. In light of documents filed and the urgency of the matter before us, we direct the clerk to issue the remittitur forthwith.